UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **WILMER ANTHONY SEGUE, III** | **CIVIL ACTION** |
| **VERSUS** | **NO. 16-3885** |
| **ST. TAMMANY PARISH, ET AL.** | **SECTION: "N"(3)** |

### REPORT AND RECOMMENDATION

Plaintiff, Wilmer Anthony Segue, III, a state prisoner, filed this *pro se* complaint pursuant to 42 U.S.C. § 1983 against St. Tammany Parish, the State of Louisiana, Sheriff Jack Strain, Sheriff Randy Smith, District Attorney Walter Reed, and Detective Brian Brown. In this lawsuit, plaintiff claims that he was illegally registered as a sex offender prior to his conviction in 2013.

Federal law mandates that federal courts "review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). Regarding such lawsuits, federal law further requires: "On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint ... is ... malicious ...." 28 U.S.C. § 1915A(b)(1). Similarly, with respect to actions filed *in forma pauperis*, such as the instant lawsuit, federal law also provides: "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that ... the action ... is ... malicious ...." 28 U.S.C. § 1915(e)(2)(B)(i).

A complaint is malicious if the claims asserted therein have already been asserted by the plaintiff in a pending or previous lawsuit against the same or different defendants. Bailey v.

Johnson, 846 F.2d 1019, 1021 (5th Cir. 1988). "When declaring that a successive in forma pauperis suit is 'malicious' the court should insure that the plaintiff obtains one bite at the litigation apple – but not more." Pittman v. Moore, 980 F.2d 994, 995 (5th Cir. 1993).

In the instant complaint, plaintiff candidly acknowledges that he previously filed a lawsuit dealing with these same facts.[1] Actually, he has filed *two* such lawsuits in this Court.

First, in August of 2014, plaintiff filed Civil Action No. 14-1918, suing the St. Tammany Parish District Attorney's Office, Judge Peter J. Garcia, St. Tammany Parish Assistant District Attorney Joseph Oubre, Detective Brian Brown, David Carollo, and Belinda Seals. In that lawsuit, he likewise claimed, *inter alia*, that his rights were violated when he was registered as a sex offender prior to his conviction in 2013. On October 1, 2014, United States District Judge Jay C. Zainey dismissed that lawsuit as frivolous and for failing to state a claim upon which relief can be granted. Segue v. District Attorney's Office, Civ. Action No. 14-1918, 2014 WL 4930481 (E.D. La. Oct. 1, 2014).

Second, in December of 2014, plaintiff filed Civil Action No. 14-2842, suing David Carollo, the St. Tammany Parish District Attorney's Office, Detective Brian Brown, Belinda Seals, and Kiana Robertson. In that lawsuit, he again claimed, *inter alia*, that his rights were violated when he was registered as a sex offender prior to his conviction in 2013. On April 30, 2015, United States District Judge Kurt E. Engelhardt dismissed that lawsuit as frivolous, duplicative, malicious, and/or barred by Heck v. Humphrey, 512 U.S. 477 (1994). Segue v. Corollo, Civ. Action No. 14-2842, 2015 WL 2089759 (E.D. La. Apr. 30, 2015).

---

[1] Rec. Doc. 4-1, pp. 1-2.

Undeterred, plaintiff has now filed this third lawsuit, once again reasserting that same claim. However, because the instant lawsuit duplicates his prior lawsuits, it should be dismissed as malicious.[2]

## RECOMMENDATION

It is therefore **RECOMMENDED** that plaintiff's federal civil rights complaint be **DISMISSED WITH PREJUDICE** as malicious.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. 28 U.S.C. § 636(b)(1); Douglass v. United Services Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).

New Orleans, Louisiana, this thirty-first day of May, 2016.

*Daniel E. Knowles, III*
**DANIEL E. KNOWLES, III**
**UNITED STATES MAGISTRATE JUDGE**

---

[2] The fact that plaintiff has added additional defendants in the instant lawsuit does not dictate a different result. A subsequent complaint is still considered malicious if plaintiff "repeats the same factual allegations that he asserted in his earlier case, although he successively sued different defendants." Bailey, 846 F.2d at 1021.

3